**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-1048**

_____

JIN QING GAO, a/k/a Chun Chouw,

Petitioner,

versus

ALBERTO R. GONZALES, United States Attorney
General,

Respondent.

_____

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A77-354-314)

_____

Submitted: April 25, 2007     Decided: May 24, 2007

_____

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Gary J. Yerman, YERMAN & ASSOCIATES, LLC, New York, New York, for
Petitioner.  Peter D. Keisler, Assistant Attorney General, Carol
Federighi, Senior Litigation Counsel, John P. Devaney, Office of
Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jin Qing Gao, a native and citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals' ("Board") order adopting and affirming the immigration judge's decision denying his applications for asylum, withholding from removal and withholding under the Convention Against Torture ("CAT"). Gao challenges the adverse credibility finding and the denial of relief under the CAT. We deny the petition for review.

The Immigration and Naturalization Act (INA) authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2000). The INA defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2000).

An applicant can establish refugee status based on past persecution in his native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2006). Without regard to past persecution, an alien can establish a well-founded fear of persecution on a protected ground. Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004).

An applicant has the burden of demonstrating his eligibility for asylum. 8 C.F.R. § 1208.13(a) (2006); Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006).

- 2 -

Credibility findings are reviewed for substantial evidence. A trier of fact who rejects an applicant's testimony on credibility grounds must offer specific, cogent reasons for doing so. Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989). "Examples of specific and cogent reasons include inconsistent statements, contradictory evidence, and inherently improbable testimony . . . ." Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006) (internal quotation marks and citations omitted). We accord broad, though not unlimited, deference to credibility findings supported by substantial evidence. Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). If the immigration judge's adverse credibility finding is based on speculation and conjecture rather than specific and cogent reasoning, it is not supported by substantial evidence. Tewabe, 446 F.3d at 538.

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C.A. § 1252(b)(4)(B) (West 2005). This court will reverse the Board "only if the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Rusu v.

INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotations and citations omitted).

We find substantial evidence supports the Board's and the immigration judge's adverse credibility finding. The immigration judge did not err by relying on the fraudulent identity document. Accordingly, the evidence is not so compelling as to warrant a different result as to the denials of asylum and withholding from removal.

We further find substantial evidence supports the denial of relief under the CAT. This denial of relief was supported by the adverse credibility finding and the lack of independent evidence in support of the claim. Camara, 378 F.3d at 370, 372. Because he failed to establish his identity, Gao did not show he faced the possibility of torture because he claimed to be a Catholic.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED